Case number 19-3546, Genero Mitchell v. Christopher LaRose Arguments not to exceed 15 minutes per side Mr. Clark, you may proceed for the appellant Chief Judge Cole, may it please the Court, Patrick Clark for Genero Mitchell Clearly established Supreme Court case law says that when a trial court evaluates a Batson claim, it must conduct a three-step test This is clearly established in Perkett v. Olem It's clearly established in Snyder v. Louisiana The state trial court here did not do that In Genero Mitchell's case, the state trial court failed to complete Batson's third step after Genero's counsel challenged the state's peremptory strike The state trial court's failure I'm sorry to interrupt you, because I think you and both sides agree that the third step's critical here And the question I guess I'm struggling with is What case clearly establishes that the trial court has to provide detailed reasoning or reasoning in the third step versus accepting the prosecution's proffered reason? Does that make sense? Does my question make sense? It does make sense This court dealt with that question in Caudill v. Conover This case is not about that Because here, the state trial court did show its math It did show It told the parties and it made a record about what it was doing And its detailed reasoning was irrelevant So I'm sorry to interrupt you again, but then the Court of Appeals found differently of Ohio And wouldn't we have to find that clear error? Does that make sense? It does make sense, yes The state Court of Appeals was required by Hernandez v. New York to defer to the factual findings made by the trial court in Batson's third step Instead, it retrofitted additional factual findings So EDPA does require deference to appellate court's factual findings But it does not require The error that the state appellate court made was to retrofit improper factual findings into the trial court's analysis We have to accept their factual findings unless they're clearly erroneous, correct? Even state appellate court And so I guess you have to live with that exception And now explain to me Let me give you two questions so you can answer it how you want And I don't cabin you in unfairly First question is, assuming we accept the state court's findings How are they clearly erroneous, meaning the appellate courts? And then the second question is what you want to answer Which is explain to us how they improperly retrofitted Okay, does that make sense? It does, yes So as to the first question you asked Judge Thapar Christopher Whitfield, who is the structure in this case, was asked one or two questions during voir dire The only questions he was asked were about the single witness rule The question of would you be able to convict somebody if there's only one witness who could testify And he answered in a very prosecution-friendly way He said, yes, of course I would be able to He was struck on the grounds that the trial prosecutor did not believe him When he said in his juror questionnaire that he had no relatives who had criminal justice involvement She never voir dired on that question If that's all it is and the trial court said I'm sorry to keep interrupting you If the trial court said I accept that, that would be fine If the trial court said I would accept that, that would be fine There could be a comparative juror analysis done in the state appellate court But what the state appellate court did is it looked back and created a rational basis For why a prosecutor might wish to strike somebody who had relatives with criminal justice involvement And it gave all the potential reasons that that might be done And that is a facially race-neutral reason under Perkett v. Olem, certainly But it didn't establish the fundamental question about whether the trial court Evaluated the credibility of the prosecution's belief that Christopher Whitfield lied When he said he had no relatives with criminal justice involvement And what the state appellate court did is it took the trial judge's explanation For why he was allowing the strike And he's allowing the strike because there's still other black people on the veneer And that is not a relevant inquiry at Batson's third step And instead of taking the state trial court at its word Which is what Hernandez v. New York requires Hernandez v. New York says you must defer to the factual determinations made by the trial court Deference at that stage results in a reversal because it's a Batson error Let me ask you without disputing what you just said If you accept everything you just said If the state court's latter reason, meaning that there's other minorities both Was he saying, by the way, there's two on the jury and there's others in the back of the courtroom Is that how they were doing it? Were they doing it where they put the juries in the box and then they had others And if they struck someone they put one in? Yes Okay, so isn't one way to read his as an acknowledgement Meaning the trial court As an acknowledgement that it's another reason he thought this wasn't a race based strike Is because there's other minorities in the pool There's other minorities in the jury And so I'm not One additional reason is I'm not worried about it because it's not This isn't a race based strike I get if what he's saying, you're absolutely right If what he's saying is I'm going to allow this strike because there's other minorities That's a problem If instead he's just acknowledging as the court of appeals said that there's other minorities in the pool So the motives here don't seem improper to him Instead they seem proper Then it's totally fine And that's where I'm trying to figure that out Christopher Whitfield was the third strike by the state in this case Of the first two strikes, one of the stricken jurors was a minority That one wasn't objected to, right? No And that was a peremptory strike, both were peremptory Both were peremptories, yes And the two who were peremptoried prior to Mr. Whitfield were friends with each other There's evidence in the voir dire that they knew each other That if they sat on a jury together they would be They wouldn't be able to be impartial because they would rely on each other And the record's also clear Well it's not clear which of the two previously struck jurors was a member of a cognizable class What is clear is that one of the two, prospective juror Ms. Shuler Was the victim of a violent crime And based on some extensive voir dire about that The prosecution could understandably wish to strike that juror And then wish to strike anybody who was friends enough with her That they would be partial in a jury room If the belief is that she experienced something in this system That would make her an improper juror for this case Then by extension, any of her friends who talked about that with her Might also be bad for this case So a Batson challenge to either of those strikes would not have been A strategic decision by the trial judge But the next strike, the very next strike, is Christopher Whitfield And the only questions asked of Christopher Whitfield During voir dire, related to whether he could convict somebody Based on the word of one person, he said yes There was no exploration of any of the concerns that animated The trial prosecutor's purported race-neutral reason Rather than evaluating the credibility of that reason As Batson requires, the trial court simply allowed the exclusion Because there were still black jurors on the veneer, in the jury Before the preemptory process was even done And I think that the reason that the third step is so important here Is because of what the Supreme Court said in Perkett v. Allem At Batson's second step, a reason doesn't need to be persuasive It doesn't even need to be plausible It simply meets the low burden of facial race neutrality And that puts a burden on the trial court to evaluate Of course the burden of persuasion always rests on the defendant But it puts a burden on the trial court to actually evaluate The credibility of the proffered reason And there's plenty of habeas laws cited by the warden That says that that can be a terse or laconic explanation But it has to be unambiguous This was not an unambiguous denial based on an evaluation of credibility In this case, let's just look at what the trial court said I'm wondering if this would have been a sufficient completion of the duty By the trial court If it had simply said, all right, well, the court does find that the Then he says, I'm going to allow the excuse of him And stop right there And had not said, and the court does acknowledge there are other Just stop right there Would that have been a sufficient rejection of the challenge, you think? That's a hypothetical question And we're looking at this under, obviously under habeas In a direct appeal of that, I would argue that Batson requires Much more stringent factual findings In a habeas context, there's habeas law that says a terse But an unambiguous rejection is enough So under edpedeference, that would be acceptable But then the trial court shows us math So it's really, in your view, you've been discussing That next sentence or two Where he talks about there are other blacks sitting in Waiting in the back that are available And those are the ones who have been pointed out As I recall by Ms. Cantalesa, the prosecutor Who said there are three or four blacks out in the jury pool Yes, and then he says, so we will overrule that And that is the ruling And I recognize that that creates a In the context of a direct appeal, there's an incentive to create Create an appropriate record to allow for factual review In the context of a habeas claim A more barren record is probably Can I bring up one thing before you run out of time Which is, isn't in that whole colloquy Didn't the defense attorney first bring up how many minorities Were on the jury, then the prosecution responded And then he said, and I acknowledge, versus this is my reason Am I right about the timing of the events? And doesn't that add some color to what The Ohio Court of Appeals then ultimately looked at it and said? It adds a little color, yes Am I correct, sorry? You are But, and importantly, this is a messy In-chambers conference The prosecutor does not quite understand Batson It's clear from the record The defense counsel challenges the prosecutor's Understanding of Batson when the prosecutor says This isn't really a Batson issue because the victim And the defendant are of the same race Which is, of course, completely irrelevant to Batson So this is a colloquy where Everyone's struggling a little bit And then the court puts its rationale on the record That rationale has nothing to do with what the Supreme Court says Must be done in Batson. This court should remand For a conditional writ of habeas corpus I would like to reserve the remainder of my time for rebuttal If there's not further questions Okay, thank you Okay Good morning, may it please the court The warden asks that you affirm the denial of the writ Because the state court's determination of Mitchell's Batson claim Was neither clearly contrary to Or an unreasonable application of Supreme Court precedent Your honors, both Judge Thapar and Judge Cole Have hit on the issues That are crucial in this case It is the third step of the Batson analysis And that was What the trial court did Was an absolute in compliance with Batson Can I start with the reverse of Judge Cole's question Which is assume all he said Is I'm going to allow this strike Because there are other blacks sitting in Waiting in the back that are available Would you agree that's a problem? I would agree that it is not Perhaps the best statement That a trial court could possibly rely upon Fortunately that's not what occurred here I understand, but you concede that would be a problem If the trial court were to say That the sole reason That they were dismissing the black juror Was because there are other minorities That are Available on the panel I would say that that speaks to whether or not The defense made a prima facie case I would say that it does not go to The trial court's evaluation Of the prosecutor's demeanor or credibility Or race neutral reason If all we had to read was the statement I gave Just yes or no, you concede it's a problem I would concede it is a problem But that's not what we have here fortunately As you noted earlier Actually it was Judge Cole That noticed that the court Made its complete determination In the one sentence While the court does find I'm going to allow the excuse of him What if another reasonable reading of this is He gave two reasons here And we can't tell which one What do we do with it You're bound by the ADEPA to find that the state court's determination Was not an unreasonable application of Batson Because Batson doesn't require any specific reasoning whatsoever What about Schneider, how do we deal with Schneider then Right, Schneider says two alternative reasons And we can't figure out which one So we're sending it back How do we deal with it Your Honor It is not the same analysis here Because as you noted previously It was the defense that raised the actual verbiage That's being at issue here Whether the fact that there were other minorities That remained in the back of the courtroom That was being stated by the defense Presumably when they were making their statement Of prima facie case of discrimination So the fact that the court was referring back to The fact that the defense had raised The prima facie case of discrimination Doesn't reflect on the court's ultimate determination The court listened to what was said And the third step What Mr. Mitchell completely ignores In this case is that it's his burden of persuasion And he came forward with no facts He came forward with no evidence that would discredit The prosecutor's stated race-neutral reason That hey, this is a person whose name is Whitfield And we've just Maybe ADPA saves the day for you But what is the statement that Your friend on the other side pointed out at the end That seems to me troubling at the very least That the prosecutor, I agree Seems to misunderstand Batson when he or she I think it was a she She said the victim's black I mean that seems to me completely irrelevant Yes, your honor, and I don't know the facts of this Presuming it and reading it from the cold record It appeared to be the assistant The second chair prosecutor attorney Who made that obviously incorrect Irrelevant statement It wasn't the prosecutor, Mr. Zina Who was the stating prosecutor Can you explain why they're talking about The composition of the pool While they're talking about this challenge The reason they're talking about the composition of the jury Is because the defense raised that It was the defense on page 452 of the record That your honor, at this time This is the second minority excused by the state of Ohio I will stipulate there are two remaining minority jurors In this case, however, I'm in the belief Given the fact the composition of the jury at best From the way I've read the upcoming panel Would be that the only two minority jurors would remain If they were not removed I would ask that this court not permit this challenge Under the rules of Supreme Court and in Batson Unless the court is convinced that a race-neutral reason exists So the only reason that the court was even talking about The makeup of the jury was because the defense raised it In their prima facie statement And they even said unless the court is convinced That a race-neutral reason exists for the challenge Petitioner Mitchell gave the court nothing to go on No factual determination to rebut the state's Race-neutral explanation of why they were going to Excuse this particular juror Which was a very reasonable explanation Given the fact that they noted an individual By the name of Reginald Whitfield had just been convicted In another court and that there had been a long series  All from that same area of town And obviously it would not be a strategic bonus For the state to have a potential juror hiding out In an undisclosed bias against the state Because of the state prosecuting its families Petitioner Mitchell could have gone further And insisted that he He's the one that needs to be making the burden of persuasion here He could have gone out and asked the questions of The juror had that been his desire But he didn't do that There are many reasons for strategy reasons including Possibly preserving an issue on appeal Who knows? The fact remains that Petitioner Mitchell Didn't make his burden of persuasion in the trial court And the trial judge was left with nothing but his own Determination of the credibility and the reasonableness And the demeanor of the prosecutor's trial strategic reason To not have a hidden juror who might have some bias against him And again the Supreme Court doesn't require That there be any reason whatsoever For the court to set forth its rationale Thus as Judge Cole noted We end with the decision that was being made And it is simply an acknowledgement I acknowledge he may have even been looking at defense counsel Again on the cold record we just don't know I acknowledge that there are other jurors I acknowledge the fact that you were attempting to make A prima facie case of discrimination But you've given me nothing here to substantiate it And to this day Mr. Mitchell has not provided with clear and convincing evidence To any court that would enable this habeas court To usurp the state court's determination Of this factual issue I would like to Point the court's attention to its own decision in Caudill Because contrary to my counsel I do believe that that case is A very vital precedent And on page 460 The trial court to repeat would have done well To say more in explaining why the prosecutor's strikes Were not discriminatory But the Supreme Court has never clearly established A more rigorous procedure at the stage of the Batson inquiry Therefore as in this Caudill case The Ohio Court of Appeals did not unreasonably apply What the Supreme Court has required In concluding the trial court complied with Batson The district court correctly rejected this claim Unless there are further questions I would rest on my briefs I guess I just have maybe more of a comment So the defense counsel is the first to bring up That there are  I don't know if he said minorities or African American African Americans in the jury pool And so then the prosecutor Maybe the assistant prosecutor Then says your honor And there's more than two left in the back of the courtroom as well There's at least three or four in the back of the courtroom So then you combine that with this sentence And the court does acknowledge That there are other blacks sitting and waiting in the back That are available And Mr. Whitfield is not the only minority on this jury So we will overrule that This is again before us on A habeas review But it certainly could be read as an alternative Reason for striking Mr. Whitfield Your honor I would It's basically saying It's not just two there's three or four Blacks sitting out there So we're going to strike him As long as there is at least one constitutional Reason that does not violate Batson's constitutional requirements The trial court was certainly Within its Right to reject the Batson challenge Especially in this case On the grounds of the name The fear and the concern He's probably related to someone We just prosecuted last week down on the other court Before Judge Durkin And that is certainly a reasonable Likely even probable Reason based on trial strategy for the trial court To rest its Not very wordy but certainly sufficient under the Constitution Reason to To reject the Batson challenge I don't know if that answered your question I mean I guess it's just a point of argument Whether the preceding sentence Well the court does find that I'm going to allow the excuse Of him is constitutionally sufficient And sort of the unambiguous rejection Gives no reasons at all For it doesn't talk about the Whitfield issue The name similarity or any of that And as far as the Wharton's case It's not required that he does constitutionally And I guess I would just reiterate in conclusion That the fact that the court We read the court acknowledging Not necessarily as this is why I'm ruling on my third step But just merely a reiteration of what the defense Had already mentioned when they were making Their initial prima facie statement of racial discrimination You know one can argue it's not just kind of a casual observation I mean it's I'll leave it at that Thank you we would again ask that you affirm Okay thank you Mr. Clark Sorry Caudel is distinguishable From this case for a couple of reasons But most importantly in Caudel The state trial court's decision was directed Towards the state's race neutral reason That's not so here Importantly Caudel also said that the third step Inquiry is flexible and looked to the fact That the trial court in Caudel had a three day So I'm not sure I understand your first reason Because we have to accept Again the facts unless they're clearly erroneous And so the Ohio Court of Appeals found As Judge Cole noted that the first sentence Was accepting the prosecutor's race neutral Reason That is just not supported by the record So to the extent that the record makes that clearly erroneous But also I'm sorry Because If you read the entire colloquy The entire colloquy can go It can go to two things right It can go to an acknowledgement as they found It could also say look the third step Is to look into the intent of the prosecutor And I find the prosecutor's explanation To be race neutral and acceptable And I'm acknowledging that there's others So the prosecutor doesn't have discriminatory intent To quote the language of the Supreme Court So we will overrule that as doing the work In the ruling here But to the extent that the court's ruling The state trial court's ruling can be read that way If there is an alternative reason given That's not directed to There's no engagement with the state prosecutor's Race neutral reason by the trial court And there's no engagement With an explanation that is quite frankly Just dripping with pretext Christopher Whitfield He's one of many Whitfields from the south side of Youngstown And I think we might have prosecuted Somebody who he might be related to But I'm not going to ask him if he knows who Reginald Whitfield is I'm not going to ask him I like their response that you had the burden of persuasion You could have gotten up and passed it Meaning The trial defense attorney Mr. Zena said they could have Wodeered him on that and before there was an opportunity For further wodeer on it the court rendered its ruling Did they ask for time? I'm doing it off memory I thought they just said the prosecutor Can do it if they want Did they say or I'd like to if the prosecutor is not? That is not in the record that they did that But given Miller-Ells Suggestion for how A trial court can ferret out Pretext the lack of wodeer combined with a Reason that does Reek of pretext and then a failure An absolute failure to engage that reason by the trial court And instead to shift pivot and offer an alternative Explanation that has nothing to do With the state's purportedly race neutral reason Is a violation of Batson's third step Is it your stance that the trial court Needed to say yep that's good That familial potential Familial relationship that's a good reason You think the trial court That the other sufficiently taints The reference to the Other potential jurors in the back Taints the race neutral Reason particularly because The court didn't explicitly address it Yes if I can explain Briefly I realize I'm out of time So McDaniels versus Kirkland in the ninth district This court's decision in Caudill Say that terse and unambiguous Rejections are appropriate There's ambiguity there's significant ambiguity about what Reasons are being credited in this transcript And because of that Ambiguity we can't figure out what the trial court was Crediting so this doesn't fall into the Habeas line of cases that talk about Laconic rejections But we also can't say it wasn't Crediting the race neutral Can you agree with that The record as I read it Makes it very hard to reach the conclusion That the trial court was crediting the reasons about Christopher Whitfield being related to other Whitfields Instead the record as I read it Points to the trial court's fixation on the fact that there was more than one Black State court could read it the way I'm asking And No I don't think it was a reasonable Reasonable reading by the state trial court So your view is That first sentence then would not be a reasonable Would not be a sufficient Reason constitutionally just say I forgot where I put the language but from the Colloquy I do find that and then just saying I will excuse That that is not a sufficient Reason constitutionally because the court did not make Necessary credibility Determination of the prosecutor That is Explicitly I mean we're really talking about Can the state court Credit that or would it be unreasonably Unconstitutionally unreasonable for the state court To read it that way Our standard you know it's not how we think about it Or how you think about it right I understand And The state trial court here did not assess credibility Of the state's rate profit based neutral reason he then Gave an alternative rationale for allowing the strike that Is irrelevant to Batson's third step and that is the Constitutional violation and even under Edpus deference It justifies a grant of a writ of habeas corpus I just have one last question I just want to make sure I'm clear after reading your briefs it wasn't entirely Clear I assume that the petitioners claim here Is under d1 which is the And the unreasonable application of clearly established Federal law and not Under the based upon an unreasonable determination of The facts in light of the evidence presented in the state Court proceeding because I read your briefs and sort of Totality it seems that they sort of incorporate D2 as well but maybe that's not the intent This is a this is an argument based on d1 this d1 okay Thank you okay great thank you both For your arguments this morning we really do appreciate them the case Will be submitted and you may call the next Case